BRIAN A. VOGEL (No. 167413)
LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Drive, Suite 104
Ventura, CA 93003
Telephone: (805) 654-0400
Facsimile: (805) 654-0326
E-Mail: brian@bvogel.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>CLAUDYA ESTELA ZUNIGA, individually and dba LA CITA, aka LA CITA BAR & NIGHTCLUB,<br><br>　　　　　　　Defendants. | Case No. 2:18-cv-07887-WDK-JC<br><br>DEFENDANT'S OPPOSITION TO NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: March 18, 2019<br>Time: 10:00 a.m.<br>Place: Courtroom 5C<br>Judge: Honorable William D. Keller<br><br>Complaint Filed: Sept. 11, 2018<br>Trial Date: None |

Defendant Claudya Zuniga ("Defendant") submits this Opposition to Defendants' Motion to Strike Defendant's Affirmative Defenses on the grounds set forth in the following memorandum points and authorities, the records on file, and any other evidence introduced at the hearing on this matter.

Dated: February 25, 2019          LAW OFFICES OF BRIAN A. VOGEL, PC

                                  By: _____/s/_____
                                       BRIAN A. VOGEL
                                       Attorney for Defendant

DEFENDANT'S OPPOSITION TO NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION AND STATEMENT OF FACTS

G&G Closed Circuit Events, LLC ("Plaintiff") alleges in its Complaint that it was granted the exclusive nationwide commercial distribution rights to the *Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship Fight Program*, telecast nationwide on Saturday, September 16, 2017 (hereinafter referred to as the "Program"). Complaint ¶ 14 (Dkt. No. 1). Pursuant to the contract granting Plaintiff its distribution rights, Plaintiff entered into sub-licensing agreements with commercial establishments to permit the public exhibition of the Program. *Id*. at ¶ 15. Plaintiff further alleges that, without its authorization, Defendant unlawfully intercepted, received and/or exhibited the Program at her commercial establishment in Oxnard, California. *Id*. at ¶ 17. Defendant has filed an Answer in which she sets forth thirty-seven affirmative defenses. See Answer. Plaintiff now brings this Motion to Strike.

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Federal Rule of Civil Procedure 8(b)(1)(A) requires that a party state a short and plain statement in its defenses when responding to a pleading. Fed. R. Civ. P. 8(b)(1)(A). However, properly pleaded affirmative defenses must "give plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Like the Rule 12(b)(6) standards to dismiss, the standards to strike pursuant to 12(f) are extremely strict. To prevail on a motion to strike, the movant must clearly show that the challenged matter has "no possible bearing on the controversy" and "courts often require a showing of prejudice by the moving party before granting the

3

DEFENDANT'S OPPOSITION TO NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES

requested relief." *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005) (internal citations and quotations omitted). If the sufficiency of a defense depends on disputed issues of fact or questions of law, a motion to strike should not be granted. *Id*. at 565. See also 12 Moore's Federal Practice § 12.37[4] (Matthew Bender 3d ed. 2004). Rule 12(f) of the Federal Rules of Civil Procedure allows the Court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." "To be immaterial or impertinent, the challenged material must have no possible bearing on the controversy. Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic. Accordingly, courts often require a showing of prejudice by the moving party before granting the requested relief." *Id*. at 564 (internal citations and quotations omitted). When considering a motion to strike, the court must view the pleadings in the light most favorable to the non-moving party, in this case, Defendant, and resolve any doubt as to the relevance of the challenged allegations in their favor. *Id*.

      Plaintiff has not met its burden for most of the affirmative defenses challenged in its motion to strike and said affirmative defenses should stand as pled. Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. *Id*. at 826. Plaintiff has conceded that affirmative defense nos. 1, 3, 6, 7, 10, 12, 17, 19, 25, 27, 29, 31, 33 and 34 may be stricken because they allege denials of the allegations or elements of the complaint or allege that the complaint fails to state a claim. As to the remaining affirmative defenses, Defendant requests that she be given leave

DEFENDANT'S OPPOSITION TO NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES

to amend the answer where the Court finds an affirmative defense were not sufficiently plead.

## ARGUMENT

### I. PLAINTIFF CONCEDES THE MOTION TO STRIKE AS TO AFFIRMATIVE DEFENSE NOS. 1, 6, 7, 10, 12, 17, 25, 27, 33 AND 34 WHICH ARE DENIALS OF THE ALLEGATIONS IN THE COMPLAINT OR ALLEGATIONS THAT PLAINTIFF CANNOT PROVE AN ELEMENT OF THE OFFENSE.

Plaintiff concedes that "denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses.'" *G & G Closed Circuit Events, LLC v. Nguyen*, 2010 WL 3749284, *2 (N.D.Cal. Sept. 23, 2010). Accordingly, Defendant concedes that affirmative defense nos. 1, 6, 7, 10, 12, 17, 25, 27, 33 and 34 may be stricken.

### II. PLAINTIFF CONCEDES THE MOTION TO STRIKE AS TO AFFIRMATIVE DEFENSE NOS. 3, 19 and 31 WHICH ALLEGE THAT THE PLAINTIFF'S COMPLAINT FAILED TO STATE A CLAIM.

Plaintiff concedes that "Failure to state a claim is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense." *J & J Sports Productions, Inc. v. Montanez*, 2010 WL 5279907, *2 (E.D.Cal., Dec. 13, 2010); *J & J Sports Productions, Inc. v. Vizcarra*, 2011 WL 4501318, *3 (N.D.Cal. Sept. 27, 2011) (striking failure to state a claim defense with prejudice). Accordingly, Defendant concedes that affirmative defense nos. 2, 19 and 31 may be stricken.

5

DEFENDANT'S OPPOSITION TO NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES

## III. PLAINTIFF'S REMAINING AFFIRMATIVE DEFENSES SHOULD NOT BE STRICKEN.

### A. Second Affirmative Defense

Defendant's second affirmative defense alleges that ""Defendant did not receive unauthorized cable, radio or satellite signals in violation of Title 47 U.S.C. 605, Title 47 U.S.C. 553, California Business and Professions Code § 17200 or the common law doctrine of conversion." Answer at 8.  Because the statutes require that plaintiff receive unauthorized signals in a particular way, i.e. through cable, radio or satellite, this particular affirmative defense gives adequate notice to the Plaintiff that if Defendant did indeed receive such signals, she may not have received them in a manner proscribed by the statutes.

### B. Affirmative Defense Nos. 4, 5, 8, 9, 11, 13, 14, 16,  18, 21, 22, 23, 24, 26 28, 29, 36 and 37 should not be stricken because they have a possible bearing on the controversy and their adequacy depends on disputed issues of fact or questions of law.

Plaintiff's remaining affirmative defenses have been plead without the benefit of any discovery and Defendant should not be foreclosed from asserting them as defenses before all the facts before all the facts are known.  For example, acts done without Defendant's knowledge, approval or authorization which are outside the scope of any agency or employment with the Defendant have a bearing on the controversy and could depend on disputed issues of fact.  Accordingly, affirmative defense nos. 4 and 28 should remain.

6

DEFENDANT'S OPPOSITION TO NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES

Because Plaintiff's standing to bring this suit arises from contracts which Defendant has not seen, Defendant has no assurance that Plaintiff is the proper party. Because discovery has not yet begun, Defendant has no assurance that Plaintiff will not conceal facts which bar Plaintiff's recovery in this action, or has unclean hands or is otherwise estopped from asserting its claims. Accordingly, affirmative defense nos. 5, 13, 16, 21, 22, and 23, should remain. Because Defendant's actions prior to the filing of this action are currently unknown to Plaintiff, affirmative defense nos. 8, 9, 11, 14, 24, and 26 should remain.

The unconstitutionality of punitive damages under the circumstances presented by this case may indeed arise as a disputed issue of fact if Plaintiff acted in good faith. Affirmative defense nos. 18 and 28 should therefore remain.

Affirmative defense no. 29 is duplicative of no. 28 and Plaintiff concedes in may be stricken.

Affirmative defense nos. 36 and 37 simply incorporate any additional defenses which arise from the pleadings and reserves Defendant's right to plead them as they arise. They should therefore not be stricken.

///
///
///
///
///
///

7

DEFENDANT'S OPPOSITION TO NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES

# CONCLUSION

For the reasons set forth above, Affirmative Defense Nos. 4, 5, 8, 9, 11, 13, 14, 16, 18, 21, 22, 23, 24, 26 28, 29, 36 and 37 should not be stricken and Defendant requests that she be given leave to amend the answer where the Court finds an affirmative defense were not sufficiently plead.

Respectfully submitted,

Dated: February 25, 2019        LAW OFFICES OF BRIAN A. VOGEL, PC


                                By: _____/s/_____
                                    BRIAN A. VOGEL
                                    Attorney for Defendant

8

DEFENDANT'S OPPOSITION TO NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES; MEMORANDUM OF POINTS AND AUTHORITIES